IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEANGELO M. JONES, )
)
    Petitioner, )
)
v. ) Case No. 3:06-cv-1034 MJR
)
WARDEN McCANN, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the Respondent on March 27, 2007 (Doc. 18). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that the case be dismissed, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On April 15, 1999, Petitioner DeAngelo M. Jones pleaded guilty to one count of first degree murder in the Circuit Court of Bond County, Illinois. In return for his plea of guilty, the State of Illinois waived its right to seek the death penalty and dismissed a charge related to the possession of a weapon at the time of arrest (Doc. 18, Exh. A, p. 2). Petitioner was sentenced to natural life imprisonment without the possibility of parole (Doc. 1, p. 1). He did not file a direct appeal of his conviction and sentence (Doc. 1, p. 2).

On November 30, 2000, Petitioner filed a complaint for state habeas corpus relief pursuant to 735 ILCS 5/10-101 (Doc. 18, Exh. B), which the trial court denied (Doc. 1, p. 4). On December 26, 2001, Petitioner's appeal from that denial was dismissed for lack of prosecution

(Doc. 18, Exh. C).

On September 24, 2001, Petitioner sought post-conviction relief in the trial court pursuant to 725 ILCS 5/122-1 (Doc. 1, p. 3; Doc. 18, Exh. D). On October 9, 2001, the trial court dismissed the petition, finding it "frivolous and patently without merit" (Doc. 18, Exh. E). The Appellate Court of Illinois, Fifth District, affirmed the dismissal of the petition for post-conviction relief on March 4, 2004 (Doc. 18, Exh. A). The Petitioner prepared a motion for leave to file a late petition for leave to appeal to the Illinois Supreme Court. That court acknowledged receipt of the motion to file the late petition on May 23, 2005 (Doc. 18, Exh. F). Attached to that petition was Petitioner's "Affidavit of Intent to File Petition for Leave to Appeal in the Illinois Supreme Court" dated June 7, 2004 (Doc. 18, Exh. G). On September 16, 2005, the Illinois Supreme Court denied the motion for leave to file a late petition for leave to appeal (Doc. 18, Exh. H).

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on November 30, 2006.

## CONCLUSIONS OF LAW

It is unnecessary for the Court to hold an evidentiary hearing on this matter as it can be considered on the briefs and evidence supplied by the parties. Petitioner, an inmate in state custody, seeks habeas corpus relief pursuant to 28 U.S.C. §2254, which is codification of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). This code section explains the prerequisites to habeas relief, which include, *inter alia*, the exhaustion of state court remedies and a showing that the state courts erred in either the law applied to the petitioner's claims or the facts relied upon in making a legal decision. Under 28 U.S.C. §2244(d), a habeas petition must

be filed within strict time limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The burden is on the respondent to show that the petition is untimely. Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004). Respondent argues that the petition is untimely as it was filed more than a year after the conclusion of direct review.

Section 2244(d)(1)(A) provides that the one-year limitation period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." Illinois Supreme Court Rule 604(d) bars an appeal from a "judgment entered upon a plea of guilty,"

- 3 -

unless the defendant files a motion to reconsider the sentence in the trial court within thirty days of the entry of judgment. Because Petitioner did not file a motion to reconsider the sentence in the trial court, the judgment became final at the expiration of the time to file such a motion. After those thirty days, the Illinois Supreme Court Rule barred any direct appeal. Petitioner pleaded guilty on April 15, 1999; the judgment became final thirty days later on May 15, 1999. Pursuant to section 2244(d)(1)(A), Petitioner had one year--until May 15, 2000-- to file his petition for federal habeas corpus relief.

The United States District Court for the Northern District of Illinois received the petition on November 30, 2006.[1] Under the mailbox rule, a *pro se* prisoner's petition for a writ of habeas corpus is considered filed on the date he gave it to prison officials for mailing, not on the date it was received in the district court. See Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999). Petitioner avers in a "notice of filing" attached to his petition that he placed the petition in the outgoing prison mail on November 19, 2006. Accordingly, the Court will consider the petition filed on that date. At the time of filing in federal court, the statute of limitations had run for 2745 days--over seven years. Thus, his application is time-barred.

The Court will now consider whether any of the potentially applicable tolling provisions save the petition from being untimely.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner filed his petition for state habeas corpus on November 30, 2000. The trial

---

[1]The Northern District of Illinois transferred the case here on December 20, 2006.

court denied relief, and the appeal from that denial was dismissed on December 26, 2001. Prior to that dismissal, on September 24, 2001, Petitioner filed his state petition for post-conviction relief. The Appellate Court affirmed the trial court's denial of relief on March 4, 2004. Petitioner's request to file a late petition for leave to appeal in the Illinois Supreme Court was denied on September 16, 2005.

Based on this timeline, Petitioner's filing of the state habeas petition did not toll the one-year period of limitations because Petitioner did not file his petition for state habeas relief until after the one-year period during which he could file his federal habeas action had already expired. Thus, the filing of the state habeas petition cannot save his petition from being time-barred here; it was already too late.

Petitioner urges, however, that he was not given police reports that contained exculpatory evidence until well after the one-year period of limitations had expired. He refers to these police reports several times in his hand-written petition, but does not indicate the date upon which he first knew of or received them. The earliest reference to Petitioner possessing these reports appears in an affidavit directed to the Illinois Appellate Court during the pendency of his petition for post-conviction relief. Petitioner states that he received documents pertaining to his criminal case from the appellate Court on June 23, 2003. Two sentences later he states, "[t]he police reports submitted the defendant has never seen them until this court sent them to him" (Doc. 1; p. 28; labeled by Petitioner as "Exhibit-B"). After thorough review of the petition, the Court finds that, despite many references thereto, the only indication of when Plaintiff had access to these police reports is in this affidavit. For purposes of this analysis, then, the Court will assume that Petitioner initially received these in June 23, 2003.

Section 2444(d)(1)(D) states that the one-year period of limitation begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, as to the claims that rely upon the police reports, the one-year period of limitations did not begin running until June 23, 2003.[2] By this calculus, Petitioner would have to have filed his federal habeas petition by June 23, 2004.

As stated above, however, Petitioner had filed a petition for post-conviction relief in the Illinois court. Under the tolling provision of section 2244(d)(2) the clock is stopped while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The Illinois Appellate Court affirmed the denial of post-conviction relief on May 4, 2004. Petitioner's application for post-conviction relief was certainly pending until that date. Thus, the last date upon which he could have filed a federal petition for habeas relief was extended to May 4, 2005, one year after the Appellate Court's order affirming the denial of post-conviction relief.

Petitioner filed a motion for leave to file a late petition for leave to appeal in the Illinois Supreme Court.[3] The Illinois Supreme Court denied that motion on September 16, 2005. Under Supreme Court precedent, a late-filed petition rejected as untimely by the state court is not "properly filed" under section 2244(d)(2), and therefore cannot toll the one-year statute of

---

[2]The Court assumes without specifically finding that the exculpatory factual assertions based on these police reports were not previously available to Petitioner, and that he acted with due diligence in pursuing his case.

[3]As indicated above, Petitioner filed with his motion for leave to file a late petition for leave to appeal an "Affidavit of Intent to File Petition for Leave to Appeal in the Illinois Supreme Court" date June 7, 2004. Because this affidavit did not prevent the Illinois Supreme Court from denying the motion for leave to file a late petition for leave to appeal, it is irrelevant here.

limitations for filing a petition for habeas corpus relief in federal court. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000) (determination whether state collateral attack was properly filed is based upon state court's treatment thereof; if state court dismissed application as untimely, then it was not "properly filed" under § 2244(d)(2)). Based upon these legal standards, Petitioner's request that the Illinois Supreme Court consider his late petition for relief was not "properly filed" and therefore cannot toll the statute of limitations further.

Therefore, the statute of limitations began running from the date upon which the Illinois Appellate Court affirmed the denial of post-conviction relief, May 4, 2004. Petitioner had one year--until May 4, 2005--to file a federal petition for habeas corpus. He did not file his petition in the Northern District of Illinois until November 19, 2006, over eighteen months too late. Thus, his petition is time-barred and must be dismissed.

One additional consideration remains. Under Seventh Circuit jurisprudence, "equitable tolling excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time." Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006). Equitable tolling is limited to "extraordinary circumstances," Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006), and is "rarely granted." Jones, 449 F.3d at 789. In Jones, the Court held that a petitioner's placement in segregation, during which time he had no access to the law library; limited library access at other times; and delays in receiving mail were insufficient to justify equitable tolling. Id. See also, Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (loss of habeas materials for 27 days due to prison transfer did not justify equitable tolling of the one-year period of limitations).

Petitioner states in a document attached to his petition (captioned "Motion for Extension of Time") that he was housed in "F-house" and unable to access his legal materials and to file his federal habeas petition before the end of the one-year limitations period (Doc. 1; p. 34). He states that he was placed in "F-House" in May 2006.

Petitioner's vague statements are insufficient to justify equitable tolling here. First, as explained above, his petition was already late in May 2006, the date he claims the restrictive confinement began. Thus, his alleged restrictive placement is inapplicable to the tolling of the one-year period of limitations. Second, Petitioner has made no allegations that he was diligent in pursuing his federal habeas petition. The Court cannot apply equitable tolling unless it finds that Petitioner has acted diligently in pursuing his claims. Petitioner did not file his federal habeas corpus petition until seven years after the expiration of the time to file a direct appeal; on its face this delay does not indicate diligence. Third, as indicated above, a prison placement that causes a petitioner to have limited access to his legal materials does not constitute the "extraordinary circumstances" that justify equitable tolling.

Based upon the foregoing, the undersigned finds that the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred, and that none of the various tolling provisions save it from dismissal.

#### CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Court adopt the foregoing findings of fact and conclusions of law, that the Motion to Dismiss (Doc. 18) be **GRANTED,** that the case be **DISMISSED**, and that judgment be entered in favor of the Respondent.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 19, 2008**

                                                               s/ *Donald G. Wilkerson*
                                                               **DONALD G. WILKERSON**
                                                               **United States Magistrate Judge**